**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | | |
|---|---|---|
| JOHN P. SIVICK, | : | No. 118 MAL 2019 |
| | : | |
| Petitioner | : | |
| | : | Petition for Allowance of Appeal from |
| | : | the Order of the Commonwealth Court |
| v. | : | |
| | : | |
| | : | |
| STATE ETHICS COMMISSION, | : | |
| | : | |
| Respondent | : | |

## ORDER

PER CURIAM

**AND NOW**, this 6th day of August, 2019, the Petition for Allowance of Appeal is **GRANTED, LIMITED TO** the issues set forth below. Allocatur is **DENIED** as to all remaining issues. The issues, rephrased for clarity, are:

1) Whether, under Section 1107(13) of the Public Official and Employees Ethics Act, 65 Pa.C.S. §§ 1101-1113, the State Ethics Commission, upon a finding that a public official or public employee violated the Act, has the authority to order restitution when the individual who obtained financial gain is not the public official or employee, but is an immediate family member of the public official or employee?

2) Whether the action of a public official or public employee reviewing and approving payroll records of a group of subordinate employees, one or more of whom is the public official's or employee's immediate family member, falls within the class/subclass exemption of the "conflict of interest" definition in the Public Official and Employee Ethics Act, 65 Pa.C.S. §§ 1101-1113?